**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
         chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Marilise Marcus**,<br><br>                    Plaintiff,<br><br>vs.<br><br>**Heartland Retirement Group Investments, LLC**, an Iowa limited liability company; **Sarah McCarthy and John Doe McCarthy**, a married couple; and **Daniel Gombrich and Jane Doe Gombrich**, a married couple,<br><br>                    Defendants. | No.<br><br>**VERIFIED COMPLAINT** |

Plaintiff, Marilise Marcus ("Plaintiff"), sues the Defendants, Heartland Retirement Group Investments, LLC; Sarah McCarthy and John Doe McCarthy; and Daniel Gombrich and Jane Doe Gombrich ("Defendants" or "Heartland Retirement Group") and alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for unpaid minimum wages and overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards

-1-

Act ("FLSA"), 29 U.S.C. § 201, et seq., unpaid minimum wages under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") § 23-362, et seq. and unpaid wages under the Arizona Wage Act ("AWA") A.R.S. § 23-350, et seq.

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3.      Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

4.      Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the AMWA, A.R.S. § 23-362, et seq.

5.      This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and minimum wages under the AMWA.

6.      The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

**JURISDICTION AND VENUE**

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. §

1367 because the state law claims asserted herein are so related to claims in this action

over which this Court has subject matter jurisdiction that they form part of the same case

or controversy under Article III of the United States Constitution.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because

acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and

Defendants regularly conduct business in and have engaged in the wrongful conduct

alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

9.     At all times material to the matters alleged in this Complaint, Plaintiff was

an individual residing in Maricopa County, Arizona, and is a former employee of

Defendants.

10.     At all material times, Defendant Heartland Retirement Group Investments,

LLC was a limited liability company duly licensed to transact business in the State of

Arizona.  At all material times, Heartland Retirement Group Investments, LLC does

business, has offices, and/or maintains agents for the transaction of its customary

business in Maricopa County, Arizona.

11.     At all relevant times, Defendant Heartland Retirement Group Investments,

LLC is owned and operated as "Heartland Retirement Group," an insurance company that

sells various types of insurance coverages to customer in the Phoenix Metropolitan Area.

12.     Under the FLSA, Defendant Heartland Retirement Group Investments,

LLC is an employer.  The FLSA defines "employer" as any person who acts directly or

indirectly in the interest of an employer in relation to an employee.  At all relevant times,

Heartland Retirement Group Investments, LLC had the authority to hire and fire

employees, supervised and controlled work schedules or the conditions of employment,

determined the rate and method of payment, and maintained employment records in

connection with Plaintiff's employment with Defendants.  As a person who acted in the

interest of Defendants in relation to Heartland Retirement Group's employees, Defendant

Heartland Retirement Group Investments, LLC is subject to liability under the FLSA.

13.     Defendants Sarah McCarthy and John Doe McCarthy are, upon information

and belief, husband and wife.  They have caused events to take place giving rise to the

claims in this Complaint as to which their marital community is fully liable.  Sarah

McCarthy and John Doe McCarthy are owners or managers of Heartland Retirement

Group and were at all relevant times Plaintiff's employers as defined by the FLSA, 29

U.S.C. § 203(d).

14.     Under the FLSA, Defendants Sarah McCarthy and John Doe McCarthy are

employers.  The FLSA defines "employer" as any person who acts directly or indirectly

in the interest of an employer in relation to an employee.  At all relevant times,

Defendants Sarah McCarthy and John Doe McCarthy had the authority to hire and fire

employees, supervised and controlled work schedules or the conditions of employment,

determined the rate and method of payment, and maintained employment records in

connection with Plaintiff's employment with Defendants.  As persons who acted in the

interest of Defendants in relation to Heartland Retirement Group's employees,

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

1   Defendants Sarah McCarthy and John Doe McCarthy are subject to individual liability

2   under the FLSA.

3       15.     Defendants Daniel Gombrich and Jane Doe Gombrich are, upon

4   information and belief, husband and wife.  They have caused events to take place giving

5   rise to the claims in this Complaint as to which their marital community is fully liable.

6   Daniel Gombrich and Jane Doe Gombrich are owners or managers of Heartland

7   Retirement Group and were at all relevant times Plaintiff's employers as defined by the

8   FLSA, 29 U.S.C. § 203(d).

9       16.     Under the FLSA, Defendants Daniel Gombrich and Jane Doe Gombrich are

10  employers.  The FLSA defines "employer" as any person who acts directly or indirectly

11  in the interest of an employer in relation to an employee.  At all relevant times,

12  Defendants Daniel Gombrich and Jane Doe Gombrich had the authority to hire and fire

13  employees, supervised and controlled work schedules or the conditions of employment,

14  determined the rate and method of payment, and maintained employment records in

15  connection with Plaintiff's employment with Defendants.  As persons who acted in the

16  interest of Defendants in relation to Heartland Retirement Group's employees,

17  Defendants Daniel Gombrich and Jane Doe Gombrich are subject to individual liability

18  under the FLSA.

19      17.     Plaintiff is further informed, believes, and therefore alleges that each of the

20  Defendants herein gave consent to, ratified, and authorized the acts of all other

21  Defendants, as alleged herein.

18.     Defendants, and each of them, are sued in both their individual and corporate capacities.

19.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

20.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

21.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

22.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

23.     At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

24.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

25.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

26.     At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

27.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

28.     Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

29.     At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

30.     At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

31.     Plaintiff, in her work for Defendants, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

32.     Defendants own and/or operate as Heartland Retirement Group, an enterprise doing business in Maricopa County, Arizona.

33.     Heartland Retirement Group is an enterprise that is an insurance company that sells various types of insurance coverages to customer in the Phoenix Metropolitan Area.

34.     On or around August 13, 2021, Plaintiff began working for Defendants as a customer service representative.

35.     At all relevant times, Plaintiff's primary duties included setting appointments by telephone with new and existing clients.

36.     Plaintiff was supposed to be compensated a rate of $3,000 for the first six weeks throughout her employment with Defendants.

37.     Plaintiff, in her work for Defendants, was supposed to be compensated the same weekly rate of pay, regardless of the number of hours she worked in a given workweek.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

38.     Plaintiff, in her work for Defendants, was supposed to be compensated the same weekly rate of pay, regardless of the number of hours she worked in a given workweek, and regardless of whether she worked in excess of 40 hours in a given workweek.

39.     Rather than classify Plaintiff as an employee, Defendants classified her as an independent contractor.

40.     Despite Defendants having misclassified Plaintiff as an independent contractor, Plaintiff was actually an employee, as defined by the FLSA, 29 U.S.C. § 201 et seq.

41.     Defendants controlled Plaintiff's schedules.

42.     At all relevant times, Plaintiff was economically dependent on Defendants.

43.     The following further demonstrate that Plaintiff was an employee:

    a.     Defendants had the exclusive right to hire and fire Plaintiff;

    b.     Defendants made the decision not to pay overtime to Plaintiff;

    c.     Defendants supervised Plaintiff and subjected her to Defendants' rules;

    d.     Plaintiff had no opportunity for profit or loss in the business;

    e.     The services rendered by Plaintiff in her work for Defendants was integral to Defendants' business;

    f.     Plaintiff was hired as a permanent employee, generally working in excess of 40 hours per week for approximately six workweeks;

    g.     Plaintiff had no right to refuse work assigned to her by Defendants;

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

      h.    Defendants required Plaintiff to provide her direct deposit information;

      i.    On information and belief, Defendants did not allow Plaintiff to work for other insurance companies.

44.    Plaintiff worked for Defendants until approximately September 22, 2021.

45.    On or about September 22, 2021, Plaintiff communicated her resignation via text message to Defendant Daniel Gombrich via text message.  In doing so, Plaintiff stated to Defendant Daniel Gombrich, "[y]ou may use my direct deposit info to send my due paycheck or mail me a check."

46.    On or about October 5, 2021, Plaintiff contacted Defendant Daniel Gombrich via text message.  In doing so, Plaintiff asked, "[s]till waiting to get paid, any idea when?"

47.    In response, Defendant Daniel Gombrich stated, "I will reach out ASAP."

48.    On or about October 6, 2021, Plaintiff contacted Defendant Daniel Gombrich via text message, stating "I am getting quite sick of waiting for my pay.i want this resolved today please. Thank you."

49.    Defendant Daniel Gombrich did not respond to that text message.

50.    On or about October 8, 2021, Plaintiff contacted Defendant Daniel Gombrich via text message, stating "Since i have not heard back from anyone, tomorrow i will call the labor department. I am very disappointed…"

51.    In response, Defendant Daniel Gombrich stated, "[h]ey sorry the delay – was trying to get an answer for you. I'll call you shortly."

52.     In response, Plaintiff stated, "The only acceptable answer is a direct deposit to my account today…I cant believe how I trusted you. You think any normal person waiting over a month to get paid is ok? I work because i have to. And did honest work for you. I believed you to be an honorable man. I should not have to be in this position today."

53.     In response, Defendant Daniel Gombrich stated, "I got your text. I'm sorry you feel that way. When you joined HRG, as you know, this is an insurance agent position, which is a commission, 1099 position. Just like the position you had when you joined bankers. I'm curious, what do you feel you are owed?"

54.     This conversation continued for some time, and, eventually, Defendant Gombrich stated, "[h]ey give me a call when you're off of work so we can discuss resolution for you as soon as possible."

55.     In response, Plaintiff stated, "[t]here is nothing to talk about. You had 7 days to pay me. $1,500 is what I am owed for honest, pretty good work."

56.     Defendants did not pay Plaintiff any additional wages despite that conversation.

57.     To date, Defendants still have paid no additional wages due and owing to Plaintiff.

58.     During Plaintiff's employment with Defendants, Plaintiff typically worked approximately between 40 and 50 hours per week or more.

-10-

59.     But for a single $500 payment from Defendant Daniel Gombrich in or about early September 2022, Defendants failed to compensate Plaintiff any wages whatsoever for the entire duration of her employment with Defendants.

60.     As a result of willfully failing to pay Plaintiff any wages whatsoever for her entire employment but for the aforementioned $500 payment, Defendants failed to compensate Plaintiff at least the statutory minimum wage for all hours worked throughout her approximately six-workweek employment.

61.     As a result of Defendants' willful failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated 29 U.S.C. § 206(a).

62.     As a result of Defendants' willful failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

63.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the proper, applicable federal and Arizona minimum wage rates would violate federal and state law, and Defendants were aware of the FLSA and AMWA's requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA and AMWA.

64.     Plaintiff routinely worked with knowledge of Defendants, and generally at Defendants' request, in excess of 40 hours per week during her employment with Defendants.

65.     At all relevant times, Defendants did not pay Plaintiff one and one-half times her regular rate of pay for time spent working in excess of 40 hours in a given workweek.

66.     During the time that Plaintiff worked for Defendants, Plaintiff regularly worked in excess of 40 hours in a given workweek without receiving one and one-half times her regular rate of pay, in violation of the FLSA, 29 U.S.C. § 207(a).

67.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the proper, applicable overtime wage rate would violate federal law, and Defendants were aware of the FLSA's requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

68.     Plaintiff was not a manager in her work for Defendants.

69.     Plaintiff did not have supervisory authority over any employees in her work for Defendants.

70.     Plaintiff did not possess the authority to hire or fire employees in her work for Defendants.

71.     Plaintiff did not possess the authority to make critical job decisions with respect to any of Defendants' employee in her work for Defendants.

72.     Plaintiff did not direct the work of two or more employees in her work for Defendants.

73.     Plaintiff did not exercise discretion and independent judgment with respect to matters of significance in her work for Defendants.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-12-

74.     Plaintiff's primary duty was not the management of the enterprise in which she was employed or any recognized department of the enterprise in her work for Defendants.

75.     At all relevant times, in her work for Defendants Plaintiff was a non-exempt employee.

76.     Throughout the duration of Plaintiff's employment, Defendants failed to properly compensate Plaintiff for her overtime hours.

77.     Defendants' willful failure to pay Plaintiff one and one-half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violated 29 U.S.C. § 207.

78.     Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

79.     Plaintiff is a covered employee within the meaning of the Arizona Minimum Wage Act.

80.     At all relevant times, Plaintiff was a non-exempt employee.

81.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

82.     Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for hours Plaintiff worked.

83.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

84.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

85.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

**COUNT ONE: FAIR LABOR STANDARDS ACT
FAILURE TO PAY OVERTIME**

86.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

87.     Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

88.     In a given workweek, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

89.     As a result of Defendants' failure to pay Plaintiff one and one-half times her regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of her employment, in violation of 29 U.S.C. § 207.

90.     As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

91.     As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

92.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the proper overtime rate would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

93.     Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one- and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

94.     Plaintiff is therefore entitled to compensation one and one-half times her regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Marilise Marcus, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants committed one of more of the following acts:

i.     Violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a), by failing to pay proper minimum wages;

ii.     Willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by willfully failing to pay proper overtime wages;

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

B.   For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C.   For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.   For the Court to award prejudgment and post-judgment interest;

E.   For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.   Such other relief as this Court shall deem just and proper.

## COUNT TWO: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

95.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

96.   As a result of failing to compensate Plaintiff any wages whatsoever for her entire approximately six-week employment with Defendants, but for the aforementioned $500 payment, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

97.   As a result of Defendants' failure to pay Plaintiff any wage whatsoever for such time worked, Defendants failed and/or refused to pay Plaintiff the applicable minimum wage for all hours worked for the duration of her employment, in violation of 29 U.S.C. § 206.

98.     Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

99.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the proper minimum wage rate would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

100.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Marilise Marcus, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants committed one of more of the following acts:

    i.     Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

    ii.     Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

**COUNT THREE: ARIZONA MINIMUM WAGE ACT
FAILURE TO PAY MINIMUM WAGE**

101.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

102.     As a result of failing to compensate Plaintiff any wages whatsoever for her entire approximately six-week employment with Defendants but for the aforementioned $500 payment, Defendants failed or refused to pay Plaintiff the Arizona-mandated minimum wage.

103.     As a result of failing to compensate Plaintiff any wages whatsoever for her entire approximately six-week employment with Defendants but for the aforementioned $500 payment, Defendants failed and/or refused to pay Plaintiff the applicable minimum wage for all hours worked for the duration of her employment, in violation of A.R.S. § 23-363.

104.     Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, A.R.S. § 23-363.

105.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the proper Arizona minimum wage rate would violate federal

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

and state law, and Defendants were aware of the AMWA minimum wage requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a willful violation of the AMWA.

106.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Marilise Marcus, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendant committed one of more of the following acts:

    i.    Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

    ii.    Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

E.      For the Court to award Plaintiff reasonable attorneys' fees and costs of the

action pursuant to A.R.S. § 23-364 and all other causes of action set forth

herein;

F.      Such other relief as this Court shall deem just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 22nd day of February 2023.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Christopher J. Bendau
Clifford P. Bendau, II
*Attorneys for Plaintiff*

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-20-

## <u>VERIFICATION</u>

Plaintiff, Marlise Marcus, declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof.  The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, she believes them to be true.

Marilise Marcus (Feb 22, 2023 15:21 MST)

Marlise Marcus

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-21-